NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMIT KUMAR,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>    Respondent. | No. 19-72932<br><br>Agency No. A215-827-676<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2020[**]
Pasadena, California

Before: WARDLAW and CLIFTON, Circuit Judges, and CHOE-GROVES,[***]
Judge.

 Amit Kumar, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ")

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

denial of his application for asylum and withholding of removal.[1]  We have

jurisdiction under 8 U.S.C. § 1252.  We deny the petition.

1.  The agency did not err in basing its adverse credibility determination

solely on inconsistencies.  "In assessing the 'totality of the circumstances,' an IJ

should discuss which statutory factors . . . form the basis of the adverse credibility

determination."  *Shrestha v. Holder*, 590 F.3d at 1034, 1044 (9th Cir. 2010).  The

law does not require the agency to discuss positive factors as Kumar proposes.

2.  Substantial evidence supports the BIA's adverse credibility

determination.  *See id.* at 1039–40.  The agency may base an adverse credibility

determination on any inconsistencies that, considered in light of the "totality of the

circumstances, and all relevant factors," bear on the petitioner's veracity.  *Id.* at

1043–45.  An inconsistency need not go to the heart of the petitioner's claim.  *Id.*

at 1040.

Here, the record evidence is inconsistent as to whether and from whom

Kumar received medical treatment after the first attack, whether Kumar escaped or

was rescued from the second attack, whose wedding Kumar attended around the

time of the third attack, and whether an attacker held a gun to Kumar's head during

---

[1] Kumar's claim for relief under the Convention Against Torture is not before the court because it was not addressed by the BIA in the first instance.  *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

the third attack.  *See id.* at 1046–48.  These inconsistencies are material and the

agency was not required to accept Kumar's unpersuasive explanations for them.

**PETITION DENIED.**